IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELA COOK-JOHNSON, )<br>    Plaintiff, )<br>vs. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of the Social Security Administration, )<br>    Defendant. ) | No. 3:08-CV-1213-B (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, this case was referred to this Court for the issuance of findings, conclusions, and recommendations to the District Court on dispositive motions. The Court recommends that this action be *sua sponte* **DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m).**

**I.**

Plaintiff, through counsel, filed the instant action against the defendant and paid the filing fee on July 17, 2008. The docket sheet reflects that summonses forms were issued on that date. More than 120 days have passed from the date of filing, but Plaintiff has failed to file a valid return showing timely service on the defendant.

On November 17, 2008, this Court issued an *Order* directing Plaintiff to show cause for her failure to comply with the service requirements of Fed. R. Civ. P. 4(m). The *Order* expressly stated that if, by November 26, 2008, Plaintiff failed to comply with its terms by filing a valid return of service as to the defendant or showing good cause in writing why service could not be made, this Court would recommend to the District Court that this action be dismissed without further notice. As of this date, however, Plaintiff has filed no valid return of service to indicate that she has served the defendant, and nothing to show why she has failed to do so.

**II.**

Proper service must be made within 120 days of filing a complaint or the action is subject to *sua sponte* dismissal, without prejudice. Fed.R.Civ.P. 4(m). However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)). A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman v. U.G. Lively,* 897 F.Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Despite the Court's express admonishment in its order of November 17, 2008, Plaintiff has not complied with Local Civil Rule 4.1 by filing a valid proof of service evidencing service of this action on the defendant pursuant Fed. R. Civ. P. 4(m). Nor has Plaintiff shown good cause for this failure. Accordingly, Plaintiff's claims against the defendant should be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

**III.**

All claims and causes of action asserted against Defendant should be **DISMISSED** without prejudice to the refiling of same for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED**, this 1st day of December, 2008.

                          _____
                          IRMA CARRILLO RAMIREZ
                          UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

                          _____
                          IRMA CARRILLO RAMIREZ
                          UNITED STATES MAGISTRATE JUDGE